IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

PETER MAGGIO
7120 Morning Light Trail
Columbia, MD 21044

-and-

Case No. ______________

PETER MAGGIO
7120 Morning Light Trail
Columbia, MD 21044

Plaintiffs

vs.

CENLAR FSB
7 Graphics Drive
Ewing Township, NJ 08628

Serve on:
Anthony Renzi
7 Graphics Drive
Ewing Township, NJ 08628

Defendant

---

COMPLAINT

Plaintiffs Peter Hunt Maggio and Sara Maggio (the "Maggios" or "Plaintiffs") by and through their attorney Michael P. Coyle and The Coyle Law Group, for their Complaint ("Complaint") state as follows:

1. The Maggios own a property located at 7120 Morning Light Trail, Columbia, MD (the "Property").

2. At all times material to this Complaint, Cenlar FSB ("Cenlar") has held a first mortgage on the Property.

3. In or about November 14, 2016, Cenlar, through the Substitute Trustees in the underlying case, filed this foreclosure action.

4. In May 2017, Cenlar granted the Maggios a 3-month trial loan modification with trial payments of $2,900.

5. The Maggios timely made the three trial payments in June, July, and August 2017.

6. In August 2017, the Maggios completed the loan modification trial period.

7. By September 2017, the Maggios had not yet received the final loan modification agreement.

8. As such, Peter Maggio contacted Cenlar and was told by a Cenlar agent that the Maggios had received a final, permanent loan modification, that the final loan modification agreement had been sent to the Maggios via Federal Express, and that the agreement had been left on the door step of the Property.

9. Peter Maggio notified Cenlar that he never received the final loan modification agreement, and Cenlar stated that it would re-send the agreement.

10. Maggio accepted the offer and this time Cenlar provided Peter Maggio with a tracking number that purported to be for the delivery of the final loan modification agreement.

11. Once again, the final loan modification agreement never arrived.

12. Further, when Maggio tracked the package, the Federal Express website showed that Cenlar had never delivered the package to Federal Express.

13. Maggio then contacted Cenlar and asked to have the final loan modification agreement re-sent to him and explained that the Federal Express website showed that the agreement had never been delivered to Federal Express by Cenlar.

14. Cenlar refused to send the final loan modification agreement.

15. Instead, Cenlar scheduled a foreclosure sale for November 6, 2017, forcing Maggio to file a petition under Chapter 13 of the Bankruptcy Code.

COUNT I
(Violations of Maryland Mortgage Fraud Protection Act ("MMFPA")
Md Code Ann., Real Prop. §§ 7-401, et seq.)

16. Plaintiffs incorporate Paragraphs 1 through 15 by reference as if fully set forth herein.

17. The processing of the Maggios' loan modification agreement involves the "servicing" of Plaintiffs' mortgage on the Property.

18. Md. Code Ann., Real Prop. § 7-401(d) defines "Mortgage fraud" as any action by a person made with the intent to defraud that involves:

> 1. Knowingly making any deliberate misstatement, misrepresentation or omission during the mortgage lending process with the intent that the misstatement, misrepresentation or omissions be relied on by a mortgage lender, borrower or any other party to the mortgage lending process;
>
> 2. Knowingly using or facilitating the use of any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process.
>
> 3. Receiving any proceeds or any other funds in connection with a mortgage closing that the person knows resulted from a violation of item (1) or (2) of this section; and
>
> 4. Conspiring to violate any provisions of item (1), (2), or (3) of this section....

19. Cenlar engaged in "mortgage fraud" under the MMFPA because it knowingly failed to send the Maggios the final loan modification agreement despite its representation that the Maggios had received a final, permanent loan modification.

20. As a result of these violations of the MMFPA, Plaintiffs have been damaged by among other things, having to file bankruptcy and incur the costs associated with this, paying the fees associated with defending against the underlying foreclosure case, and suffering emotional distress over the potential loss of the Property.

21. As a result of the above violations of the Maryland Code, Cenlar is liable to the Plaintiff for actual damages, treble damages pursuant to Md. Code Ann., Real Prop. § 7-406(c), costs and attorney's fees.

WHEREFORE, Plaintiffs respectfully pray for a judgment against Cenlar as follows:

A. An award of compensatory damages in an amount to be determined at trial, but which are a minimum, $100,000;

B. An award of statutory damages;

C. An award of treble damages to be determined at trial;

D. An award of all reasonable legal fees and expenses in an amount to be determined at time of trial; and

E. Such other and further relief as the Court may deem just and proper.

<u>COUNT II</u>
(Negligence)

22. Plaintiffs incorporate Paragraphs 1 through 21 by reference as if fully set forth herein.

23. As a result of the completion of their Plan payments and Cenlar's promise to provide the Maggios with a final, permanent loan modification, Cenlar owed the Maggios a duty to properly send the Maggios the final loan modification documentation.

24. Cenlar breached that duty by failing to properly send the Maggios the final loan modification documentation.

25. As a proximate result of Cenlar's negligence, the Maggios have been damaged by among other things, having fees and costs improperly added onto their mortgage, suffering emotional distress over the potential loss of the Property, incurring attorney's fees to defend against this foreclosure case, and incurring attorney's fees to file multiple Bankruptcies.

WHEREFORE, the Maggios respectfully pray for a judgment against Cenlar as follows:

A. An award of compensatory damages in an amount to be determined at trial, but which are a minimum, $100,000

B. An award of punitive damages to be determined at trial;

C. An award of all reasonable legal fees and expenses in an amount to be determined at time of trial; and

D. Such other and further relief as the Court may deem just and proper.

COUNT III
(Violation of the Maryland Consumer Protection Act,
COM. LAW, §14-201 *et seq.* ("MCPA"))

26. Plaintiffs incorporate Paragraphs 1 through 25 by reference as if fully set forth herein.

27. Plaintiffs are "consumers" as that term is used in the Maryland Consumer Protection Act ("MCPA").

28. The MCPA prohibits "unfair or deceptive trade practices," which is defined to include "[f]alse, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."

29. By falsely representing to the Maggios that they would receive a final loan modification and/or that a final loan modification agreement had been sent, Cenlar violated the MCPA.

30. As a result of these violations of the MCPA, the Maggios have been damaged by among other things, having fees and costs improperly added onto their mortgage, suffering emotional distress over the potential loss of the Property, and incurring attorney's fees to defend against this foreclosure case and to file Bankruptcy cases.

WHEREFORE, the Maggios respectfully pray for a judgment against Cenlar as follows:

A. An award of compensatory damages in an amount to be determined at trial, but which are a minimum, $100,000

B. An award of statutory damages;

C. An award of all reasonable legal fees and expenses in an amount to be determined at time of trial; and

D. Such other and further relief as the Court may deem just and proper.

COUNT IV
(Breach of Contract)

31. Plaintiffs incorporate Paragraphs 1 through 30 by reference as if fully set forth herein.

32. As a result of the completion of their trial Plan payments, Cenlar agreed to permanently modify the Maggios' mortgage.

33. Cenlar breached this agreement by failing to send the Maggios the final loan modification agreement.

34. As a result of this breach, the Maggios have been damaged.

WHEREFORE, the Maggios respectfully pray for a judgment as follows:

A. An award of compensatory damages in an amount to be determined at trial, but which are a minimum, $100,000

B. An award of all reasonable legal fees and expenses in an amount to be determined at time of trial; and

Such other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury trial in this matter.

/s/

_________________________

Michael P. Coyle

Respectfully submitted,

/s/

______________________________

Michael P. Coyle (CPF No. 94121300148)
THE COYLE LAW GROUP
7061 Deepage Drive, Ste 101B
Columbia, MD 21045
443-545-1215

Attorney for Plaintiffs

Dated: May 3, 2019